IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T.C., et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | NO. 19-3629 |
| WOODS SERVICES, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

This matter has been referred to this Court by the Honorable Petrese B. Tucker for discovery purposes.  See Doc. No. 107.  Presently before this Court is Plaintiffs' Fourth Motion for Sanctions (Doc. No. 132) and Defendant's Response in Opposition and Counter Motion for Sanctions (Doc. No. 138).  In their motion, Plaintiffs seek the production of any and all documents within the last 10 years for any reportable incident where there was an allegation of abuse that resulted in a report to ChildLine.  Plaintiffs argue that Defendant's failure to produce this information in spite of multiple court orders compelling production necessitates sanctions, including striking Defendant's Answer and Counterclaim, precluding Defendant from introducing evidence and questioning witnesses at trial, and/or monetary sanctions.  Defendant argues that sanctions are inappropriate, that it has produced the requested material, and that sanctions are appropriate against Plaintiffs for their repeated and consistent use of discovery demands to harass Defendant and failure to cooperate in good faith.  For the following reasons, both parties' motions are denied.

This case has been pending since August 2019 and has already been marked by an extensive history of discovery disputes.  During this matter's contentious discovery process,

Plaintiffs have filed three prior motions for sanctions and a counter motion for sanctions. See Doc. Nos. 50, 55, 65, 94, 132. Defendant has filed one motion for sanctions and two counter motions for sanctions. Doc. Nos. 91, 103, 138. Except for the first motion for sanctions, in which Judge Tucker ordered Defendant to respond to Plaintiffs' Interrogatories and Requests for Production and to pay a monetary sanction for the presentation of the motion, see Doc. No. 52, all motions for sanctions have been denied.

Pursuant to Federal Rule of Civil Procedure 37(b), a court is permitted to impose sanctions for a party's non-compliance with discovery obligations. Rule 37(b)(2) offers a "wide range of sanctions" and the selection of the appropriate sanction is "committed to the sound discretion of the district court." See Fed. R. Civ. P. 37(b)(2); Hewlett v. Davis, 844 F.2d 109, 113 (3d Cir. 1988). Here, however, Defendant has represented that the information requested has been recently provided to Plaintiffs. Accordingly, after having carefully considered the correspondence between counsel regarding this dispute, as well as each parties' characterization of the same, the Court declines to impose sanctions on either party.

The discovery deadline in this matter is June 20, 2022. The parties are once again reminded that this Court's Local Rule 26.1(f) requires them to meet and confer in a good faith attempt to resolve their differences before seeking court intervention, including as it pertains to the recently produced information provided to Plaintiffs by Defendant. To date, both parties' conduct has been lacking in that regard. The Court is cognizant of the often highly sensitive nature of the discovery involved in this matter and its impact on the discovery process. Many of the issues presented to the Court, however, have been the type amenable to resolution by counsel and do not require barraging the Court with a myriad of ongoing discovery disputes, which has

happened here.  Counsel are admonished to exercise the professionalism necessary to resolve their discovery issues without further wasting the time and resources of this Court.

Based on the foregoing, the Court enters the following Order.

## ORDER

**AND NOW**, this 11th day of May, 2022, in accordance with the Honorable Petrese B. Tucker's January 19, 2022 Order (Doc. No. 107) referring all discovery disputes in this case to the undersigned, and upon consideration of Plaintiffs' Fourth Motion for Sanctions (Doc. No. 132), and Defendant's Response in Opposition and Counter Motion for Sanctions (Doc. No. 138), it is **HEREBY ORDERED** that both parties' motions are **DENIED**.

                BY THE COURT:

                */s/ Marilyn Heffley*
                MARILYN HEFFLEY
                UNITED STATES MAGISTRATE JUDGE